A. D. JONES V. THE STATE.

No. 16577.   Delivered March 21, 1934.
Reported in 69 S. W. (2d) 774.

The opinion states the case.

*L. C. Counts,* of Olney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully selling intoxicating liquor, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The appellant first complains of the insufficiency of the testimony to warrant his conviction. The testimony on behalf of the state showed that on the 11th day of August, 1933, James Rayfield and his wife drove up to a filling station owned and operated by the appellant and purchased from him one pint of whisky for which Mr. Rayfield paid to the appellant 75¢. The testimony offered by the appellant was to the effect that he, the appellant, was not at the filling station at 8:30 P. M. on August 11, 1933, at the time Mr. Rayfield claimed he purchased the whisky from him; that his brother, Garvin Jones, was employed by him and ran the filling station at night; that the appellant was always at home at night unless he was gone somewhere

with his wife. Mr. and Mrs. Rayfield were positive in their identification of the appellant as being the man who sold the whisky to Mr. Rayfield. It is clearly apparent from the testimony that a sharp conflict arose between the state's testimony and that for the appellant. This question was submitted to the jury under proper instructions from the court, and the jury, whom the law has made the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, found against the appellant, and this court is not legally authorized to overturn their verdict unless there is no competent evidence upon which the verdict may rest.

By bill of exception No. 1 the appellant complains of the action of the trial court in sustaining the objection of the state to the following question and answer of the witness James Rayfield, while being cross-examined by the appellant: "Have you been drinking at any time since you have been in Seymour? A. No, I haven't," to which the state objected and which objection was sustained by the court and the appellant excepted. This bill of exception is in question and answer form and therefore cannot be considered by this court. However, we do not see the materiality of said testimony nor do we see that it in any way tended to prove that the appellant did or did not sell the pint of liquor at the time and place testified to by the witness. We overrule the appellant's contention.

We have carefully reviewed the record, and finding no reversible error therein, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.